UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND C. FAIRFIELD,

        Plaintiff,                        Case No. 1:07-cv-948

v.                                             Honorable Paul L. Maloney

DANIEL RICHARD WACHA et al.,

        Defendants.

                                             /

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because it is frivolous.

**Discussion**

    I.        Factual allegations

Plaintiff Raymond Fairfield is currently at the Center for Forensic Psychiatry in Ann Arbor, Michigan. In his *pro se* complaint, Plaintiff sues Michigan State Governor Jennifer Granholm, Ionia County Community Mental Health Services Chief Executive Officer (CEO) Robert Lathers, Ionia Circuit Court Judge David Hoort, Ionia City Mayor Dan Balice, State Senator Jay VandenBrink, State Senator Allan Cropsey, State Senator Dave Martial, Attorney Stephen Whatt, Prosecutor Lauri Kirkoff, Michigan State Police Officer Brad Campbell, Sheriff's Department Sargent Harold Pifer, Lieutenant Unknown Jones, Daniel Richard Wacha, and Lauri Antcliff.

Plaintiff states that he is suing for being "held no bond, filing for conspiracy, kidnaping, fraud, perjury, invasion of privacy, [and] violating right to persuit [sic] of happyness [sic]. Also conspiracy to allude original charges and indicate possible other criminal charges. Many other charges religious and personal just get it started." (Compl. at 3.)

Plaintiff's complaint begins with his description of a dream that he had about marrying a woman named Tammy Wacha:

> People I thought were friend of Mine who have only sat stareing [sic] at me while im [sic] locked up in jail. co conspirators [sic] in destroying [Plaintiff's] dream. By personal theory!
>
> When me and tammy began discussing sex and made it clear we wasnt [sic] till marriage. I had a vision while 1/2 asleep Bob Lathers and Jennifer Granholm. Mr. [sic] Granholm was standing L. of tammy and Bob Lathers was standing R. of Me I was inspired by God to Marry tammy and have Mr [sic] Granholm Brides Maid and Bob Lathers Best Man Immediately after vision i [sic] called Bob Lathers and made appointment to discuss the matter and i [sic] wrote a extencive [sic] letter to Mrs. Granholm telling her my dream and asking her to be brides maid [sic] and help me make a perfect wedding. Been in jail every since and everyone I [sic] included has done nothing to help me and turned my wedding plans into a night mare [sic].

(Compl., Attach. 1 at 1.)

Plaintiff specifically complains that Defendant Granholm showed "neglect" in "not answering many letters in the last 8 month period i've [sic] been incarcerated to insue [sic] my release if not anything else." (Compl., Attach. 1 at 2.) Plaintiff asserts that Defendant Malice "call[ed] [Plaintiff] crazy for asking Gov. Granholm, to be my brides maid [sic] allan cropsey Bob Lathers Best man and Groomsmen." (*Id.*)

Plaintiff continues his complaint discussing his arrest for violating a personal protection order (PPO) regarding a tape Plaintiff made for "Tammy" and subsequent arrests and determinations regarding "stalking charges." (*Id.* at 3-4.) Plaintiff's allegations include the following: that Defendant Judge Hoort and Defendant Kirkoff prosecuted Plaintiff knowing that no crime had been committed; that his attorney Defendant Whatt tried to make him accept a guilty plea even though 'there was no crime"; that Defendants Wacha and Antcliff, as "boyfriend and girlfriend" filed a false police report and perjured themselves in court regarding Plaintiff "threatening his daughter tammy wacha"; and Plaintiff alleges that Defendant Campbell also perjured himself regarding Plaintiff's violation of a PPO. (*Id.* at 6-8.)

Plaintiff seeks to have a lien place on Defendant Wacha's family property and home for partial payment of Plaintiff's "$20 million lawsuit againts [sic] Lyons township[,] ionia co[unty] and the state of Mi[chigan] for [Plaintiff's] arrest and allowing people of Mr. Wacha's nature to go free in society to cause harm to citezins [sic] of this state." (Compl. at 4.) Plaintiff also seeks to have criminal charges and charges of false arrest brought against Defendants Wacha and Antcliff. (*Id.* at 5.)

- 3 -

### II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at

327-28; *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir.1990). An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's allegations lack a rational basis in fact. Although a single allegation of Plaintiff's complaint may not "strain credulity" sufficiently to be considered frivolous, *see Lawler*, 898 F.2d at 1198, the complaint as a whole plainly is irrational. Plaintiff's complaint focuses on the dream he had about marrying Tammy Wacha with Governor Granholm as a bridesmaid and the CEO of Ionia County Community Mental Health Services as a groomsman. Plaintiff claims appear to centered on the fact all the Defendants are "destroying his dream" because they are not agreeing to participate in his envisioned wedding and are participating in a prosecution against him for violating a PPO which his intended bride apparently has against Plaintiff. Accordingly, the Court will dismiss Plaintiff's action because it is frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

Plaintiff's specific allegations regarding his prosecution and/or incarceration are unclear. However, to the extent Plaintiff challenges the final judgment of the state court proceedings, his claims are barred by the *Rooker-Feldman* doctrine. *See* 28 U.S.C. § 1257; *District*

*of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998).  To the extent Plaintiff challenges on-going state court proceedings, his claims are barred by the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger*, the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions and no such circumstances are present in this m

To the extent Plaintiff challenges his incarceration by the State of Michigan, it should be dismissed.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  January 11, 2008                                 /s/ Ellen S. Carmody
                                                        Ellen S. Carmody
                                                        United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).