UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND C. FAIRFIELD #435479, | Civil Case No. 1:07-cv-948 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| DANIEL RICHARD WACHA *et al.*, | |
| Defendants. | |

**Order Overruling the Plaintiff's Conclusory Objection and Adopting the R&R;**
**Dismissing the Complaint as Frivolous; Terminating the Case**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Friday, January 11, 2008 and was sent to Fairfield by regular U.S. mail on Monday, January 14, 2008. Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). The court assumes *arguendo* that Fairfield did not receive the R&R from the prison mail-room until one week later, on Monday, January 21, 2008. Thus, the ten-day objection period began on Tuesday, January 22, 2008. The court finds that Fairfield's objection received by the court on Friday, January 25 was timely.

The defendants have not filed a response to Fairfield's objection, and the time for them to do so has expired. *See* W.D. Mich. L.Civ.R. 72.3(b) ("Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.").

The court finds the R&R to be well-reasoned. For the reasons explained by the R&R, Fairfield's complaint is frivolous and is also barred by the *Rooker-Feldman* doctrine to the extent that it challenges the outcome of his state-court proceedings.

Fairfield's purported objection states, in its entirety:

I, am writing to appeal the decision of the United Sates Magistrate Judge that claims that my case is frivolous. I don't call kidnapping false arrest false imprisonment and holding me against my will and destroying my dreams and plans to be married and raise a family violating my rights to life liberty and the persuit[ sic] of happiness frivolouse [sic] only to be denied by the courts magistrate, because I don't give a damn what he thinks in this dominating me to my injury. I have a right to be heard and I have a right to life no matter what this Magistrate thinks so I am in writing in my appeal fo his decision and I want my court date set and my lawsuit to stand as I wrote it.

PS I want everything I sent to the courts to be left on my file or sent back to me immediately.

2

Fairfield's Objection filed Jan. 25, 2008.

Fairfield's objection does not cite any case law or any Constitutional, statutory, or regulatory provisions, and he does not attempt to *substantively* address any of the Magistrate Judge's legal reasoning or conclusions. For the purpose of a district judge's review of a magistrate judge's R&R, these failings render Ferguson's purported objection the same as no objection at all. *See Unsworth v. Konteh*, No. 3:06-cv-1856, 2007 WL 4365402, *4 (N.D. Ohio Dec. 10, 2007) ("General objections to the entirety of a magistrate judge's report have the same effect as would a failure to object.") (quoting *Wallace v. Adams*, No. 94-5878, 1995 WL 141385, 51 F.3d 274 (6th Cir. Mar. 24, 1995) (per curiam) (Kennedy & Daughtrey, JJ., & Cleland, D.J.) and citing *Bates v. Chapleau*, No. 94-5210, 37 F.3d 1498, 1994 WL 532937 (6th Cir. Sept. 30, 1994) (per curiam) (Suhrheinrich, Siler, & Batchelder, JJ.)).

"'Only those objections that are specific are entitled to a de novo review under the statute [the Magistrates Act, 28 U.S.C. § 636].'" *Ferguson v. Comm'r of Soc. Sec. Admin.*, No. 1:07-cv-247, 2008 WL 243955, *3 (W.D. Mich. Jan. 28, 2008) (Maloney, J.) (quoting *Westbrook v. O'Brien*, No. 1:07-cv-937, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that a district court need not provide de novo review of an R&R where the objections are frivolous, conclusory, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider")), *recon. denied*, 2007 WL 4327377 (W.D. Mich. Dec. 10, 2007)).[1]

---

[1]

*Accord Doyle v. Jones*, Nos. 1:06-cv-628 and 1:06-cv-630, 2007 WL 4052032, *1 (W.D. Mich. Nov. 15, 2007) (Wendell Miles, J.);

*US v. Jones*, No. 3:06-crim-149, 2007 WL 4591915, *10 n.5 (E.D. Tenn. Dec. 14, 2007) (C. Clifford Shirley, U.S.M.J.) ("The District Court need not provide de novo review where objections

Furthermore, the United States Supreme Court has held that the Magistrates Act does not even require "some lesser review", i.e., review that is more deferential than de novo review, when no specific objections are filed. *See Wigfall v. Holinka*, No. 1:07-cv-965, 2007 WL 4191967, *1 (W.D. Mich. Nov. 21, 2007) (Maloney, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).[2] In other words, "[i]f a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard." *Nash v. US*, Civ. No. 03-cv-40343, 2005 WL 2347321, *1 (E.D. Mich. Sept. 26, 2005) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp.2d 806, 807 (E.D. Mich. 2002)). As our Circuit has stated,

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

---

to this report and recommendation are frivolous, conclus[ory], or general.");

   *Bell v. Willis*, No. 1:07-cv-212, 2007 WL 4338135, n.4 (E.D. Tenn. Dec. 10, 2007) (Harry S. Mattice, Jr., J.) (same);

   *US v. Corona*, No. 3:05-crim-148, 2008 WL 114989, *10 n.3 (E.D. Tenn. Jan. 10, 2008) (Thomas W. Phillips, J.) (same);

   *Rosenbaum v. Astrue, Comm'r of Soc. Sec.*, No. 3:07-cv-32, 2008 WL 80149, *7 n.2 (E.D. Tenn. Jan. 7, 2008) (Thomas A. Varlan, J.) (same).

[2]   *See also Dawson v. Norwood*, No. 1:06-cv-914, 2007 WL 3302102, *1 (W.D. Mich. Nov. 6, 2007) (Maloney, J.); *Wilson v. Berghuis*, No. 1:07-cv-254, 2007 WL 3302101, *1 (W.D. Mich. Nov. 6, 2007) (Maloney, J.); *Baker v. Vanderark*, No. 1:07-cv-004, 2007 WL 3244075, *1 (W.D. Mich. Nov. 1, 2007) (Maloney, J.).

*Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991), cited by *Nash*, 2007 WL 2347321 at *2 (Gadola, J.) ("Accordingly, the Court will not consider Plaintiff's objections, and the Court need not conduct a review.").

## ORDER

Accordingly, having reviewed Fairfield's complaint, the R&R, and Fairfield's objection to the R&R, the court hereby **OVERRULES** Fairfield's objection and **ADOPTS** the R&R.

The complaint is **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), because it is frivolous and fails to state a claim on which relief can be granted.

This dismissal **SHALL** count as a "strike" for purposes of 28 U.S.C. § 1915(g).

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED this 28th day of February, 2008.**

/s/ Paul L. Maloney

Paul L. Maloney
United States District Judge